UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ELGINDY and JULIANNE CHUANROONG, on behalf of themselves, the general public, and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AGA SERVICE COMPANY (d/b/a ALLIANZ GLOBAL ASSISTANCE), JEFFERSON INSURANCE COMPANY, and BCS INSURANCE COMPANY,<br><br>    Defendants. | CASE NO. 4:20-cv-06304-JST<br><br>[PROPOSED] ORDER REGARDING SECOND DISCOVERY LETTER BRIEF (DOCKET NO. 50) |

Having reviewed the parties' joint discovery letter brief (ECF Docket No. 50) and having heard argument on August 10, 2021, the Court has considered and overruled Defendants' objections including objections based on the privacy of those purchasers who used assistance services and the burden of compiling the information sought by Plaintiffs, and rules as follows:

IT IS HEREBY ORDERED THAT:

1. Subject to an appropriate designation under the Protective Order, Defendants will produce the available identities and contact information for [DISPUTED PROVISION] all putative class members for whom Defendants opened assistance cases during the class period, as indicated on the spreadsheets produced by Defendants at DEF_00003306-3311.

> **Plaintiffs propose inclusion of** "(a) all persons who purchased the insurance at issue during the class period, and (b) . . ."
>
> **Defendants oppose inclusion of** "(a) all persons who purchased the insurance at issue during the class period, and (b) . . ."

**~~Plaintiffs' Position~~**

~~The individuals in category (a) ("the Purchasers") are the putative class members, and are subject to discovery for the reasons set forth in Plaintiffs' section of the joint letter brief (Dkt. No. 50). In the joint letter brief, Defendants proposed collecting and **escrowing** the contact information for the Purchasers but objected to producing such information now based on **privacy** concerns. Defendants did **not** raise any arguments regarding the burden of producing such information in either the letter or at the hearing. During the hearing, the Court focused the discussion on individuals in category (b) ("Assistance Cases")—because that is the group as to which Defendants raised more substantial objections as to both privacy and burden—and found that the combination of the Protective Order and a procedure to authorize communications with putative class members (see paragraph 3 below) resolved Defendants' privacy concerns with respect to such individuals. It is illogical for Defendants to contend that the Court rejected their greater privacy objections for Assistance Cases but should sustain Defendants' much weaker privacy argument with respect to the Purchasers.~~

~~The Court also rejected the arguments Defendants raised with respect to the burden of identifying Assistance Cases. Plaintiffs emphasized during the hearing that Defendants' burden argument did **not** apply to Plaintiffs' request for contact information for the Purchasers (Transcript 10:24–11:15), and Defendants did not specifically dispute that point. Defendants now raise, for the first time, an argument about the burden of identifying the Purchasers—even though Defendants never mentioned such an alleged burden in the parties' dispute letter and even though any burden in compiling contact information for the Purchasers cannot possibly be "undue" because (1) Defendants themselves must communicate with their insureds and (2) such information will have to be compiled in order to provide notices to the class in this case (as implicitly acknowledged by Defendants' offer to compile such information and provide it to an administrator if a class is certified).~~

~~Although they cite portions of the transcript regarding the burden of reviewing files for millions of people who contacted Defendants in order to determine the purposes of such contacts (see Transcript 5:19-25; 6:13-25; 7:18-25; 9:4-14), Defendants did not argue that simply producing the contact information for the Purchasers, without reviewing files, would be unduly burdensome. Moreover, Plaintiffs' willingness to narrow their initial request regarding assistance usage (for the identities of everyone who **contacted** Defendants to use assistance services) to a more limited request (for the identities of those persons for whom Defendants **opened assistance cases**), in response to Defendants' burden argument, has no bearing on, and was expressly distinguished from, Plaintiffs' request for identities of the **Purchasers**. Thus, Defendants' reliance on those portions of the transcript is misplaced.~~

~~For these reasons, Plaintiffs respectfully request that the Court include Plaintiffs' proposed language above.~~

**Defendants' Position**

The Court's ruling regarding turnover of putative class member contact information was specifically limited to those "cases" appearing on the spreadsheets referenced by Plaintiffs. Upon review of the transcripts by both sides, Defendants respectfully requested that Plaintiffs remove their proposal of disputed language from the draft as it was not supported by the record. Plaintiffs now appear to be re-arguing the motion and advocating for a different outcome under the process of presenting a proposed Order.

As reflected by the transcript, the hearing on August 10, 2021 began with a discussion of one of Plaintiffs' requests – for "each person who requested or used any assistance or concierge services." During the hearing, the Court focused the parties on this subset of purchasers that Plaintiffs sought and not the largest group (all purchasers), and did not make any indication that it was inclined to order (and did not inquire regarding the amount of time it would take to compile) four years' worth of

> purchaser contact information.  That larger set of purchasers is an eight-figure number, and pulling the associated information is much more burdensome, as referenced by Defendants.  *See* Transcript at 5:19-25; 6:13-25; 7:18-25; 9:4-14.  If the Court had focused on that larger set, Defendants would have offered to submit the number of purchasers for *in camera* review to quantify the burden associated with the larger group.
>
> In the context of this hearing and focusing on Request 47, Plaintiffs asked the Court to focus on an exemplar group—which post-hearing have been tabulated to be at least 30,000 individuals.  *See id.* at 10:1-4; 14:24-15:1 ("If we get the contact information for the spreadsheets, yes.  I believe that provides the – a discovery avenue that we can explore those issues.").  The Court agreed to allow Plaintiffs access to this information, which demonstrated the Court balancing Plaintiffs' stated need for access to putative class members without invading the privacy of all putative class members, i.e., not allowing Plaintiffs to contact all purchasers.
>
> Plaintiffs' insistence on a provision in the draft Order for—and presenting the argument above in favor of—inclusion of "all purchasers" in the Order when the Court did not make such a ruling is not a proper use of the opportunity to present a draft order, and should instead be presented in a Motion for Reconsideration.

2. On or before August 20, 2021, the parties shall file a proposed order setting a deadline for Defendants to produce the identities and contact information set forth above.

3. Before Plaintiffs' counsel may contact the individuals identified by Defendants, the parties will confer on and stipulate to a template for initial written communication with potential class members and a script for initial telephone calls to potential class members for submission to the Court for the Court's approval, including but not limited to statements referencing that the purchaser's information was ordered disclosed by the Court and that the purchaser has no obligation to speak with Plaintiffs' counsel

or to disclose health information. If the parties are unable to agree on a template or script for such initial communications, they shall submit competing proposals to the Court for determination.

4. Before noon on August 20, 2021, Defendants will produce (1) a redacted exemplar contract with a retail partner, regarding the offer and sale of the types of insurance at issue and compensation terms in connection with the contract, and (2) written stipulations (a) that Defendants control and provide the content for the insurance offers on all websites, (b) that assistance fees are not specifically addressed in Defendants' contracts with retailers/partners, (c) how, in general terms, the funds received from purchasers were collected and by whom, and (d) whether the structure of the exemplar compensation terms are typical of the compensation terms with other retailers. Plaintiffs will review the exemplar contract and stipulations/admissions, and the parties will confer if Plaintiffs believe additional documents or information is needed. If a further dispute remains, the parties will submit another dispute letter on this matter.

Dated:  August 13, 2021

_____
HONORABLE ROBERT M. ILLMAN
UNITED STATES MAGISTRATE JUDGE