UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ELGINDY, JULIANNE CHUANROONG, and ANDREW TASAKOS, on behalf of themselves, the general public, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AGA SERVICE COMPANY (d/b/a ALLIANZ GLOBAL ASSISTANCE), JEFFERSON INSURANCE COMPANY, and BCS INSURANCE COMPANY, <br><br> Defendants. | Case No. 20-cv-06304-JST <br><br> **[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; PROVISIONALLY CERTIFYING THE CLASS; AND DIRECTING DISSEMINATION OF NOTICES TO THE CLASS \*AS MODIFIED\*** <br><br> Re: ECF No. 111 |

Plaintiffs Adam Elgindy, Julianne Chuanroong, and Andrew Tasakos ("Plaintiffs") have moved the Court for preliminary approval of a proposed class action settlement with Defendants AGA Service Company (d/b/a Allianz Global Assistance) ("AGA"), Jefferson Insurance Company ("JIC"), and BCS Insurance Company ("BCS") (collectively, "Defendants"), the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on December 21, 2022 ("Settlement Agreement"). The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

# RECITALS

## A. Procedural History

This case contains allegations regarding Defendants' practice of advertising and selling Travel and/or Event Protection Plans for a total price that includes an insurance premium component and an Assistance Fee for AGA's assistance services. Plaintiffs allege that it was unlawful, unfair, and/or deceptive for Defendants to include Assistance Fees in the plan price. Defendants dispute Plaintiffs' allegations and contend that their conduct was not wrongful in any way and does not give rise to any liability.

The history of this litigation is summarized in Part 1 of the Settlement Agreement. On September 4, 2020, Plaintiffs Adam Elgindy and Julianne Chuanroong ("California Plaintiffs") filed the above-captioned action against Defendants (the "*Elgindy* Action"). The California Plaintiffs asserted three claims on behalf of themselves, those similarly situated, and the general public: (a) for violations of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (b) for violations of California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and (c) for common law fraud. On March 29, 2021, this Court denied Defendants' motion to dismiss the California Plaintiffs' UCL and FAL claims but granted Defendants' motion to dismiss the California Plaintiffs' common law fraud claim. Following that decision, the California Plaintiffs conducted extensive discovery, secured production of tens of thousands of pages of documents and thousands of voluminous spreadsheets (which would constitute over a million pages if printed), propounded interrogatories, secured factual stipulations, conducted eight depositions of AGA employees from the product, underwriting, marketing, compliance, finance and assistance departments, and consulted with experts.

On April 2, 2022, Andrew Tasakos filed a class action complaint in the Western District of Washington against AGA and JIC, entitled *Tasakos et al. v. AGA Service Co. et al.*, No. 2:22-cv-00433 (the "*Tasakos* Action"). In the *Tasakos* Action, Plaintiff Tasakos alleges that AIG and JIC violate Washington law by unlawfully, unfairly, and/or deceptively requiring consumers to pay a fee for "non-insurance assistance services" "on top of" the authorized insurance premium to

obtain the insurance they seek with each Travel and/or Event Protection Plan. In the *Tasakos* Action, Plaintiff Tasakos asserted two claims on behalf of himself, those similarly situated, and the general public: (a) for violation of Washington's Consumer Protection Act (the "CPA"), RCW 19.86.010 *et seq.*; and (b) for breach of Defendants' duty of good faith in insurance matters. On June 13, 2022, AGA and JIC filed a motion to dismiss Plaintiff Tasakos' complaint, which he opposed. The *Tasakos* Court has not ruled on the motion. On November 16, 2022, the *Tasakos* Action was stayed pending approval of the Settlement. The *Elgindy* Action and *Tasakos* Action are collectively referred to herein as "the Actions."

Throughout the pendency of the Actions, the Parties have engaged in extensive, contested litigation. Before entering into this Settlement, the Parties in the *Elgindy* Action engaged in extensive fact discovery for over two years, with much of the discovery elicited in the *Elgindy* Action providing information that informed Plaintiffs and their counsel as to the strengths and weaknesses in both the *Elgindy* Action and the *Tasakos* Action.

The Parties also engaged in extensive settlement discussions before reaching this Settlement. On June 14, 2022, the Parties attended their first mediation session before Rodney Max, a member of the mediation firm of Upchurch, Watson, White & Max, where they commenced discussions relating to a potential consolidated settlement of the two Actions. The parties engaged in a second all-day mediation session on September 6, 2022. A framework and certain of the material terms were reached at a third all-day session on September 21, 2022. Between each of these in-person mediation sessions, diligent efforts to try to reach a resolution of the Actions, including with the assistance of Mr. Max, continued. That lengthy mediation process resulted in the Settlement that is the subject of this Order Granting Preliminary Approval.

**B.      Summary of Settlement Terms**

The terms of the Settlement are summarized in the proposed Long-Form Notice to Settlement Class Members, which is attached as Exhibit B-1 to the Settlement Agreement. Defendants have agreed to create a common fund of $19.75 million, which will be used to pay Cash Payments to Settlement Class Members as follows: (a) Authorized Claimants who purchased Tranche 1 Plans shall receive 75% of the Assistance Fees AGA collected from those Authorized

Claimants who purchased those Tranche 1 Plans, as reflected in AGA's records provided to the Settlement Administrator, subject to potential adjustments; and (b) Authorized Claimants who purchased Tranche 2 Plans shall receive 40% of the Assistance Fees AGA collected from those Authorized Claimants who purchased those Tranche 2 Plans, as reflected in AGA's records provided to the Settlement Administrator, subject to potential adjustments. Authorized Claimants shall not receive a Cash Payment for any Qualifying Travel and/or Event Protection Plan for which either (a) the Authorized Claimant already received a complete refund or (b) AGA opened and documented an assistance case. If the total amount of payments for all Authorized Claimants calculated pursuant to the foregoing percentages exceeds the Net Settlement Fund, then the amount to be paid to each Authorized Claimant for each Valid Claim shall be reduced pro rata. On the other hand, if the Net Settlement Fund exceeds the total amount of payments for all Authorized Claimants calculated pursuant to the foregoing percentages, then the amount to be paid to each Authorized Claimant for each Valid Claim shall be increased pro rata, up to the Maximum Potential Payment as follows: (a) Authorized Claimants who purchased Tranche 1 Plans may receive up to, but not more than, 150% of the Assistance Fees AGA collected from those Authorized Claimants who purchased those Tranche 1 Plans, as reflected in AGA's records provided to the Settlement Administrator; and (b) Authorized Claimants who purchased Tranche 2 Plans may receive up to, but not more than, 80% of the Assistance Fees AGA collected from those Authorized Claimants who purchased those Tranche 2 Plans, as reflected in AGA's records provided to the Settlement Administrator.

As part of the Settlement, Class Counsel seeks an award of $4,937,500 in attorney's fees and an award of costs in the amount of $188,870.47 (to date) plus costs through final approval (up to a maximum total of $205,000), as well as $5,000 as an Incentive Award to each Plaintiff. Such amounts must be approved by the Court, and the Court will defer any ruling on the appropriateness of such awards until the Final Approval Hearing.

### C.    Notice and Administration

Class Notice is to be provided as described in the Settlement Agreement consistent with a notice plan designed by Angeion Group, the Settlement Administrator, a well-known and

experienced class action administrator. The Settlement Administrator also will receive and process Claim Forms. In brief, Class Notice will be provided via: (1) direct Email Notice to those Class Members for whom an email address is available; (2) direct Postcard Notice mailed to those Class Members for whom a physical mailing address is available but an email address is not available; and (3) publication on a Settlement Website, located at www.AssistanceFeeSettlement.com.

All of the distributed notices will link or point to the Settlement Website, which will include: the Long-Form Notice (explaining the procedures for Class Members to submit claims or exclude themselves), a contact information page that includes address and telephone numbers for the Settlement Administrator and the parties, the Settlement Agreement, this signed Preliminary Approval Order, online and printable versions of the Claim Form and the opt out forms, and answers to frequently asked questions. In addition, the motion papers filed in connection with the Settlement and Plaintiffs' application for Attorney's Fees and Expenses and Incentive Awards will be placed on the Settlement Website after they are filed. The Settlement Administrator will also operate a toll-free number for Class Member inquiries.

**FINDINGS AND CONCLUSIONS**

The Court has read and considered the Motion and all of the supporting documents, including the Settlement Agreement and its Exhibits, including the proposed Notice Plan. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement, authorizing implementation of the Notice Plan, and authorizing the steps needed to determine whether the Settlement should be finally approved.

Accordingly, it is HEREBY ORDERED FOR THE PURPOSES OF THIS SETTLEMENT ONLY that:

1. The proposed Settlement Agreement, submitted with the Motion, is preliminarily approved as likely to be approved under Federal Rule of Civil Procedure ("Rule") 23(e)(2) and as meriting notice to the Class for its consideration. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

   a. Plaintiffs and Class Counsel have adequately represented the Class.

      b.  The Settlement was negotiated at arm's length with the assistance of a well-respected and experienced private mediator.

      c.  The monetary relief provided to the Class is adequate given the risks and uncertainty of trial.

      d.  The proposal treats all Class Members equally relative to each other.

2.  Based upon the submissions of the Parties, and for the purposes of this Settlement only, the Court conditionally makes the following findings:

      a.  Members of the Class are so numerous as to make joinder impracticable.

      b.  There are questions of law and fact common to the Class, and such questions predominate over any questions affecting only individual Class Members for purposes of the Settlement.

      c.  Plaintiffs' claims and the defenses thereto are typical of the claims of the Class Members and the defenses thereto for purposes of the Settlement.

      d.  Plaintiffs and their counsel have, and will continue to, fairly and adequately protect the interests of the Class Members in this action with respect to the Settlement.

      e.  The proposed Settlement is superior to all other available methods for fairly and efficiently resolving this action.

Accordingly, for settlement purposes only, the Court conditionally certifies a Class comprised of all Persons, except Excluded Persons, who purchased at least one or more (a) Qualifying California Travel and/or Event Protection Plan from September 4, 2016, through and including the date this Order Granting Preliminary Approval is entered, and, for that purchase, provided a billing address in the State of California or if no billing address was supplied directly to AGA, the Travel and/or Event Protection Plan identified the plan owner as having a California address; and/or (b) Qualifying Washington Travel and/or Event Protection Plan from April 2, 2018, through and including the date this Order Granting Preliminary Approval is entered, and, for that purchase, provided a billing address in the State of Washington or if no billing address was

1   supplied directly to AGA, the Travel and/or Event Protection Plan identified the plan owner as
2   having a Washington address.
3         3.      The Court finds it appropriate to establish the following exclusions from the Class:
4   (a) each and every presiding District Judge and Magistrate Judge in the Actions, and their staff,
5   and their immediate family members; (b) the officers, directors, agents, servants, and current and
6   former employees of Defendants who were employed by Defendants at any time on or after the
7   start of the Class Periods, and the immediate family members of such Persons; (c) any Person who
8   received a complete refund for each and every Qualifying Travel and/or Event Protection Plan
9   purchased by that Person; (d) any Person for whom AGA opened and documented an assistance
10  case in connection with each and every Qualifying Travel and/or Event Protection Plan purchased
11  by that Person; and (e) any Person for whom each purchased Qualifying Travel and/or Event
12  Protection Plan falls outside this Settlement because the Person received a complete refund for the
13  purchased Qualifying Travel and/or Event Protection Plan or AGA opened and documented an
14  assistance case in connection with the purchased Qualifying Travel and/or Event Protection Plan.
15        4.      The Court appoints Plaintiffs Elgindy, Chuanroong, and Tasakos to serve as Class
16  Representatives for the Class.
17        5.      The Court appoints the law firm of Gutride Safier LLP to serve as Class Counsel.
18        6.      The Court finds that the terms of the Settlement Agreement are sufficiently fair,
19  reasonable, and adequate to preliminarily approve the Settlement and to implement the Notice
20  Plan. This determination is not a final finding that the Settlement is fair, reasonable and adequate,
21  but it is a determination that probable cause exists to implement the Notice Plan and to hold a
22  hearing on final approval of the proposed Settlement.
23        7.      The Court appoints and designates Angeion Group as the Settlement Administrator.
24        8.      The Court approves, as to form and content, the Claim Form, the Long-Form Notice,
25  the Email Notice, and the Postcard Notice attached as Exhibits A – B-3 to the Settlement
26  Agreement, except that:
27        a.      The Long-Form Notice should indicate that the Court may conduct the hearing
28              by Zoom or other remote technology if then-prevailing conditions require and if

    permitted by the applicable law and court rules, with the link available at

    https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

  b. Number 11 of the Long Form Notice must include the following additional information: Class Members should consult the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays to determine whether the Final Approval Hearing date has changed;

  c. Number 12 of the Long Form Notice must include the following additional information: That other papers filed in Actions are available by accessing the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays;

  d. The Long-Form Notice, the Email Notice, and the Postcard Notice should be modified consistent with this order, at paragraphs 11, 14, and 19 below.

9. The Claim Form and the notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23, and any other applicable law.

10. Responsibility regarding Settlement administration, including, but not limited to, implementing the Notice Plan, processing of Claim Forms, payment of Cash Payments, and any other related tasks assigned to the Settlement Administrator under the Settlement Agreement or as this Court may order, shall be performed by the Settlement Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement. The Notice and

Administration Expenses shall be paid from the Settlement Amount, under the direction of Class Counsel.

11.  Pursuant to Rule 23(e)(2) and 28 U.S.C. § 1715(d), a Final Approval Hearing shall be held on February 22, 2024, at 2:00 p.m. before the undersigned via Zoom at the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/, for the purpose of finally determining whether (a) this action meets each of the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a) and may properly be maintained as a class action on behalf of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement Agreement should receive final approval as fair, reasonable, adequate, and is in the best interests of the Settlement Class in light of any objections presented by Class Members and the Parties' responses to any such objections; (c) the Court should grant final approval of the Settlement Agreement, dismissing Plaintiffs' claims, as provided in the Settlement Agreement; and (d) the request of Class Counsel for the payment of Attorney's Fees and Expenses to Class Counsel and the payment of an Incentive Award to each Plaintiff are reasonable and should be approved. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the Parties or the members of the Settlement Class other than entry of an order on the Court's docket.

12.  The motion for final approval shall address the final approval guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website. As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds. The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed. The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why.

13.  The Settlement Administrator shall provide a declaration attesting to its compliance with the obligations set forth herein and the Settlement Agreement not less than twenty-one (21) days prior to the Final Approval Hearing. The declaration shall include: the total number of Class

Members; sample copies of the Long Form Notice, Email Notice, and Postcard Notice; the number of delivered and undeliverable Email Notices and Postcard Notices; the number of Authorized Claimants that submitted Valid Claims; the estimated amount of Cash Payments to be paid to Class Members; the number of Class Members who elected to opt out of the Class; and the number of Class Members who objected to the Settlement.

14. AGA shall provide a declaration summarizing the types of data AGA provided to the Settlement Administrator and the efforts AGA made to provide accurate data, and a description of those efforts, not less than twenty-one (21) days prior to the Final Approval Hearing.

15. Each Class Member who wishes to be excluded from the Settlement must submit to the Settlement Administrator a written statement requesting exclusion from the Settlement. Such requests for exclusion must be made by submitting the online form on the Settlement Website or by mailing a valid exclusion request by First Class U.S. Mail to the address specified in the Long-Form Notice. Such requests for exclusion must postmarked by the Exclusion/Objection Deadline set forth below. To be effective, the request for exclusion must:

  a. Include the Class Member's full name and address;

  b. a statement that the class member wishes to be excluded from the settlement class in *Elgindy et al. v. AGA Service Co. et al.*, No. 3:20-cv-06304-JST (N.D. Cal.) or *Tasakos v. AGA Service Co. et al.*, No. 2:22-cv-00433-RSM (W.D. Wash.); and

  c. Be individually and personally signed by the Class Member (if the Class Member is represented by counsel, it must also be signed by such counsel).

16. Any Class Member who fails to submit a timely and valid written request for exclusion consistent with this Order shall be deemed to be a member of the Settlement Class and as such shall be bound by all terms of the Settlement proceedings, orders, and necessary judgments of this Court pertaining to the Settlement Class pursuant to the Settlement Agreement unless determined otherwise by the Court.

17. A Class Member's submission (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Class Member meant to request an exclusion from the Class will be evaluated jointly by counsel for the Parties, who will make a good-faith evaluation if possible. Any uncertainties about whether a Class Member requested to exclude himself, herself, or itself from the Settlement Class will be resolved by the Court.

18. The Settlement Administrator shall provide in writing to Defendants' Counsel and Class Counsel the names of those Class Members who have objected to or who have requested exclusion from the Settlement in a valid and timely manner, and Class Counsel shall file a list of the persons who requested to be excluded from the Settlement and any objections (with supporting documentation) to the Settlement at least fourteen (14) days before the Final Approval Hearing.

19. Any Class Member who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement or any Final Approval Order, and shall have no standing to object to the Settlement or intervene in the Actions. Class Members who do not wish to be bound by a judgment in favor of or against the Settlement Class must exclude themselves from the Litigation.

20. Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement. Any Settlement Class Member who intends to object to the Settlement or the Settlement Agreement (including Class Counsel's requested Attorney's Fees and Expense application) must submit a written notice of objections by filing them electronically, by mailing them to the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California. The objections must be filed or postmarked no later than twenty-eight (28) calendar days prior to the Final Approval Hearing. The objections must include:

    a. the case name and number (*Elgindy v. AGA Service Co.*, No. 20-cv-06304-JST (N.D. Cal.) or *Tasakos v. AGA Service Co. et al.*, No. 2:22-cv-00433-RSM (W.D. Wash.));

    b. the objecting Settlement Class Member's full name and address;

      c. either the Claimant Identification Number included in the Email Notice or Postcard Notice directed to the objecting Settlement Class Member or documents or testimony sufficient to establish that the objector is a member of the Settlement Class;

      d. a statement of each of the Settlement Class Member's objections;

      e. the name, address, email address, and telephone number of every attorney representing the objector;

      f. a statement indicating whether the objector and/or his or her counsel intends to appear at the Final Approval Hearing.

21. Any Class Member wishing to make a claim must submit a Claim Form to the Settlement Administrator, pursuant to the instructions set forth in the Long-Form Notice. Whether submitted electronically online or mailed, Claim Forms must be post-marked by the Claims Deadline set forth below.

22. Plaintiffs shall file any reply in support of a Final Approval Order and for any award of Attorney's Fees and Expenses and of Incentive Awards (including responses to any timely and valid objection to the Settlement Agreement) no later than fourteen (14) days prior to the Final Approval Hearing. Such materials shall be served on Class Counsel and Defendants' Counsel, and, if applicable, on any Settlement Class Member (or their counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

23. Below are the deadlines approved by the Court. The Parties are authorized to update the Long-Form Notice, Email Notice, Postcard Notice, Settlement Website, and Claim Form with dates consistent with the below schedule.

| | |
|---|---|
| Notice Date | December 1, 2023 |
| Claims Deadline and Exclusion/Objection Deadline | January 25, 2024 |
| Deadline for: <br>    Settlement Administrator to file a declaration pursuant to Agreement 4.10 and 7.15; | February 1, 2024 |

| | |
|---|---|
| AGA to file a declaration pursuant to Agreement 4.4.2; and<br><br>Class Counsel to filelist of exclusions | |
| Deadline for replies in support of final approval of Settlement, Attorney's Fees and Expenses, and Incentive Awards, and responses to objections | February 8, 2024 |
| Final Approval Hearing | February 22, 2024 |

24. Following the Final Approval Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, whether Class Counsel should be awarded reimbursement of their out-of-pocket expenses, up to a maximum of $205,000, and up to 25% of the Settlement Amount in attorney's fees for investigating the facts, litigating the case, and negotiating the Settlement, and whether an Incentive Award of $5,000 should be awarded to each Plaintiff.

25. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

26. Pending final determination of whether the Settlement should be approved, Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or proceeding, either directly or indirectly, any Released Claims or Additional Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Defendants, provided that this injunction shall not apply to the claims of Settlement Class Members who have timely and validly requested to be excluded from the Class, or the claims of other Excluded Persons. This injunction will remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated.  This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court, authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

27. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms,

this Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy, in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

28. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  September 30, 2023

_____
Hon. Jon S. Tigar
U.S. District Judge